UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT D. HUNTER,
                    **Plaintiff,**
   v.

COUNTY OF ALBANY, ALBANY COUNTY
CORRECTIONAL FACILITY, VILLAGE OF GREEN
ISLAND POLICE DEPARTMENT, VILLAGE OF
GREEN ISLAND, ALBANY COUNTY SHERIFF'S
DEPARTMENT, OFFICE OF THE CORPORATE COUNSEL,
ALBANY COUNTY UNION LOCAL 775, LAW ENFORCEMENT
UNION COUNCIL 82, OFFICER McCUTCHIN, OFFICER HARRIS,
CHIEF PARKER, CAPTAIN GORMAN, CAPTAIN CLARK,
SERGEANT FRANCIS, SHERIFF'S INVESTIGATOR HIGGINS,
ASSISTANT SUPERINTENDENT CRANDALL, SERGEANT
JOSEPH GANDER, LIEUTENANT ROSENWIG, LIEUTENANT
BRUNDIGE, SERGEANT KUHL, OFFICER RICHARD CONNOLLY,
JEFFREY STEWART, VINCENT DESANTIS, TOM CARROLL AND
JOHN AND JANE DOE,
                    **Defendants.**

**Civil Case No.:**

**Complaint of
Discrimination
and Civil Rights violations
under 42 USC § 2000(e)
and 42 U.S.C. §1983.**

**COMPLAINT**

**JURY TRIAL DEMANDED**

The Plaintiff, by his attorneys, Tully Rinckey, P.L.L.C., for his complaint against the
Defendants, alleges as follows:

**NATURE OF THE CLAIM**

1.    This is an action to remedy violations of the rights of Plaintiff, under Title VII of the
Civil rights Act of 1964, as amended 42 USC § 2000e, *et seq.*; violations of the Civil
Rights Act of 1866, 42 USC § 1981 *et. seq.*; violations of the Civil Rights Act of 1871,
42 USC § 1983, *et. seq.* violations of the Executive law of the State of new York §§
290-301 ("Human Rights Law") violations of the common law of the State of New
York; and an action to provide compensation for civil rights violations sustained by

1

Mr. Robert Hunter, Plaintiff, and compensation for violations sustained under pendent State Law claims.

2.   The Defendants discriminated against Plaintiff by reason of his national origin, race, and disability.

3.   The Plaintiff charges the Defendants collectively, in their official and personal capacities, for unlawful discriminatory employment practices relating to Title VII because:

   i.   The Defendants' pattern of practice was to systematically intimidate, degrade, and ostracize the Plaintiff because of his race or national origin and Native American ancestry.

   ii.  The Defendants engaged in discriminatory practices, which altered the Plaintiff's employment conditions and caused severe hardship.

   iii. The Defendants retaliated against the Plaintiff for his disclosures to the Equal Employment Opportunity Commission.

   iv.  The Defendants collectively and in their personal capacity failed to act to remedy the adverse employment conditions, of which they had actual and constructive notice.

4.   Plaintiff timely filed a charge of race/national origin discrimination against the Defendants with the Equal Employment Opportunity Commission (EEOC) alleging that he was discriminated against based on his race/national origin and disability.

5.   Plaintiff's charges of discrimination were duly filed with the New York State Division of Human Rights (SDHR) pursuant to a work-sharing agreement between the EEOC and the SDHR.

## JURISDICTION AND VENUE

6.   On or about September 3, 2008, Plaintiff's designated attorney was served with a Right to Sue Letter from the Department of Justice, Civil Rights Division.

7.   This action arises under the first, fifth, fourteenth, and such other amendments to the United States Constitution and is a civil rights and civil action brought pursuant to 42 USC sections 1983, 1985, 1988, 2000(e), and other pendent State law claims.

8.   Jurisdiction of this court is invoked under Federal Statutes, the Civil Rights Acts, and 42 USC sections 1983, 1985, 1988, and 2000(e). Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims under State Law.

9.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 USC § 1331, because those claims arise under the United States Constitution and laws of the United States, and pursuant to 28 USC §1342, because this action seeks to redress the deprivation of the Plaintiff's rights under color of state law.  This Court has pendent jurisdiction over the New York State claims pursuant to 28 USC §1367.

10.    Venue is proper pursuant to 28 USC § 1391 because it is where all parties reside or do business and it is where the events complained of occurred.

## PARTIES

11.    The Plaintiff ROBERT HUNTER, at all times relevant to the Complaint herein, is over the age of eighteen and is a United States Citizen, resident of the State of New York, County of Schenectady, Town of Niskayuna, who resides within the territorial jurisdiction of this court at 14 Riverview Drive, Schenectady, State of New York.

12.    The Plaintiff is Native American and a Corrections Officer, employed at the Albany County Correctional Facility, located at Albany Shaker Road in the Town of Colonie, County of Albany, and State of New York. Plaintiff has maintained employment with the Albany County Correctional Facility and all times relevant to this complaint.

13.    Upon information and belief, Defendant COUNTY OF ALBANY (hereinafter "the COUNTY") is a municipal corporation and governmental subdivision of the State of New York and/or has been an entity of a public corporation duly organized and existing under and by virtue of the Laws of the Constitution of the State of New York and has offices in Albany, New York for the purpose of doing business in the County of Albany and State of New York. The Defendant COUNTY is or may be responsible for the actions of the ALBANY COUNTY CORRECTIONAL FACILITY, GREEN ISLAND POLICE DEPARTMENT, and all employees and supervisors within its employ.

14.    The Defendant COUNTY was and is at all relevant times an employer as defined by 42 USC § 2000e(b).

15.    Upon information and belief, Defendant ALBANY COUNTY SHERIFF'S DEPARTMENT (hereinafter "SHERIFF'S DEPARTMENT") is a municipal corporation and governmental subdivision of the State of New York and/or has been an entity of a public corporation duly organized and existing under and by virtue of the Laws of the Constitution of the State of New York and has offices in Albany, New York for the purpose of doing business in the County of Albany and State of New York. The Defendant SHERIFF'S DEPARTMENT is or may be responsible for the actions of the ALBANY COUNTY CORRECTIONAL FACILITY, GREEN ISLAND POLICE DEPARTMENT, and all employees and supervisors within its employ.

16.    Upon information and belief, Defendant ALBANY COUNTY CORRECTIONAL FACILITY (hereinafter "the FACILITY") is a municipal corporation and

governmental subdivision of the State of New York and/or has been an entity of a public or municipal corporation capable of being sued, duly organized and existing under and by virtue of the Laws of the Constitution of the State of New York and has offices in Albany, New York for the purpose of doing business in the County of Albany and State of New York.

17. Upon information and belief, Defendant GREEN ISLAND POLICE DEPARTMENT (hereinafter "the POLICE DEPARTMENT"), located at 73 George Street, Green Island, N.Y. 12183, is a municipal corporation and governmental subdivision of the State of New York and/or has been an entity of a public or municipal corporation capable of being sued, duly organized and existing under and by virtue of the Laws of the Constitution of the State of New York and has offices in Albany, New York for the purpose of doing business in the Village of Green Island, County of Albany and State of New York.

18. Upon information and belief, at all times relevant to this complaint herein, the Defendant OFFICE OF THE CORPORATE COUNSEL (hereinafter Defendant "CORPORATE COUNSEL") is and has been an entity of a public corporation or an entity of a municipal corporation or a government agency capable of being sued, duly organized and existing under and by virtue of the laws of and Constitution of the State of New York and has offices in Albany, New York for the purposes of doing business in the County of Albany and State of New York.

19. Upon information and belief, Defendant ALBANY COUNTY SHERIFF'S UNION LOCAL 775 (hereinafter "LOCAL 775," referred to collectively as "UNION") is a Labor Union charged with the representation of the employees of the FACILITY.

20. Upon information and belief, Defendant LAW ENFORCEMENT UNION COUNCIL 82 (hereinafter "COUNCIL 82," referred to collectively as "UNION") is a Labor Union charged with the representation of the employees of the FACILITY.

21. Upon information and belief, at all times relevant to this action, Defendant CAPTAIN GORMAN (hereinafter "GORMAN") was a Captain and supervisor at the FACILITY, at all times during the relevant times material to the Complaint, and during that period served as a ranking correctional official of and for Albany County and existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

22. Upon information and belief, at all times relevant to this action, Defendant Brundige (hereinafter "BRUNDIGE") is employed and has been employed by the FACILITY at all times relevant and material to the Complaint, and during that period served as a ranking correctional official of and for Albany County, existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

23.   Upon information and belief, at all times relevant to this action, Defendant Kuhl (hereinafter "KUHL") is employed and has been employed by the FACILITY at all times relevant and material to the Complaint, and during that period served as a ranking correctional official of and for Albany County, existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

24.   Upon information and belief, at all times relevant to this action, Defendant Connolly (hereinafter "CONNOLLY") is employed and has been employed by the FACILITY at all times relevant and material to the Complaint, and during that period served as a ranking correctional official of and for Albany County, existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

25.   Upon information and belief, at all times relevant to this action, Defendant Stewart (hereinafter "STEWART") is employed and has been employed by the FACILITY at all times relevant and material to the Complaint, and during that period served as a ranking correctional official of and for Albany County, existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

26.   Upon information and belief, at all times relevant to this action, Defendant Desantis (hereinafter "DESANTIS") is employed and has been employed by the FACILITY at all times relevant and material to the Complaint, and during that period served as a ranking correctional official of and for Albany County, existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

27.   Upon information and belief, at all times relevant to this action, Defendant Carroll (hereinafter "CARROLL") is employed and has been employed by the FACILITY at all times relevant and material to the Complaint, and during that period served as a ranking correctional official of and for Albany County, existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

28.   Upon information and belief, at all times relevant to this action, Defendant CAPTAIN CLARK (hereinafter "CLARK") was a Captain and supervisor at the FACILITY, at all times during the relevant times material to the Complaint, and during that period served as a ranking correctional official of and for Albany County and existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

29.   Upon information and belief, at all times relevant to this action, Defendant SERGEANT TIM FRANCIS (hereinafter "FRANCIS") was an employee and supervisor at the FACILITY, at all times during the relevant times material to the

Complaint, and during that period served as a ranking correctional official of and for Albany County and existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

30.   Upon information and belief, at all times relevant to this action, Defendant Sheriff's Investigator CHARLES HIGGINS (hereinafter "HIGGINS") was an employee and supervisor at the FACILITY, at all times during the relevant times material to the Complaint, and during that period served as a ranking correctional official of and for Albany County and existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

31.   Upon information and belief, at all times relevant to this action, Defendant Assistant Superintendent CRANDALL (hereinafter "CRANDALL") was an employee and superintendent/supervisor at the FACILITY, at all times during the relevant times material to the Complaint, and during that period served as a ranking correctional official of and for Albany County and existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

32.   Upon information and belief, at all times relevant to this action, Defendant SERGEANT JOSEPH GANDER (hereinafter "GANDER") was an employee and supervisor at the FACILITY, at all times during the relevant times material to the Complaint, and during that period served as a ranking correctional official of and for Albany County and existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

33.   Upon information and belief, at all times relevant to this action, Defendant LIETENANT ROSENWIG (hereinafter "ROSENWIG") was an employee and supervisor at the FACILITY, at all times during the relevant times material to the Complaint, and during that period served as a ranking correctional official of and for Albany County and existing under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued.

34.   Upon information and belief, at all times relevant to this action, Defendant OFFICER HARRIS (hereinafter "HARRIS") was an employee with the FACILITY and POLICE DEPARTMENT, at all times relevant to the Complaint, as a law enforcement and correctional official for the Village of Green Island and Albany County, each of which exist under and by virtue of the laws and constitution of the State of New York and is or was an employee or entity of a municipal corporation or a government agency who is capable of being sued. HARRIS acted under the color and by virtue of the statutes, customs, policies, ordinance and usage of the State of New York, the County of Albany, and the Village of Green Island, which is organized and existing under and

virtue of the Laws of the Constitution and the State of New York and is or was an employee or entity of a municipal corporation or a government who is capable of being sued.

35. Upon information and belief, at all times relevant to this action, Defendant OFFICER JEFFREY McCUTCHIN (hereinafter "McCUTCHIN") was an employee and officer at the POLICE DEPARTMENT, and acted under the color and by virtue of the statutes, customs, policies, ordinance and usage of the State of New York, the County of Albany, and the Village of Green Island, which is organized and existing under and virtue of the Laws of the Constitution and the State of New York and is or was an employee or entity of a municipal corporation or a government who is capable of being sued.

36. Upon information and belief, at all times relevant to this action, Defendant CHIEF CHRIS PARKER (hereinafter "PARKER") was an officer and supervisor at the POLICE DEPARTMENT, and acted under the color and by virtue of the statutes, customs, policies, ordinance and usage of the State of New York, the County of Albany, and the Village of Green Island, which is organized and existing under and virtue of the Laws of the Constitution and the State of New York and is or was an employee or entity of a municipal corporation or a government who is capable of being sued.

37. Upon information and belief, at all times relevant to this action, Defendant, Albany County Correctional FACILITY and/or Albany COUNTY employed Defendants HARRIS, GORMAN, CLARK, FRANCIS, HIGGINS, CRANDALL, GANDER, and ROSENWIG.

38. Upon information and belief, at all times relevant to this action, the Green Island POLICE DEPARTMENT and/or the Village of Green Island, and or Albany County employed Defendants HARRIS, McCUTCHIN, and PARKER.

39. The Defendants JOHN DOE and JANE DOE are added to the caption for the express purposes of providing notice that, upon information and belief, there are other parties who participated in the actions contained herein and which actions deprived the Plaintiff of his civil and constitutional rights and which have given rise to this cause of action.

40. The Plaintiff alleges, upon information and belief, that due to his race/national origin the Defendants engaged in a pattern and practice of discrimination against Plaintiff and caused him to incur significant damages.

41. The Plaintiff alleges, upon information and belief, that due to his protected EEO activity, the Defendants retaliated against him, and caused significant damages.

42. The Plaintiff is suing each and all Defendants in both their individual and official capacities.

43.   The individual defendants were and are at all relevant times aiders and abettors under Executive Law § 296(6).

## FACTUAL ALLEGATIONS

44.   Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "43" of this complaint as if fully set forth herein.

45.   Plaintiff HUNTER commenced his employment as a correctional officer with the Albany County Correctional FACILITY on September 4, 2001.

46.   Commencing on or about November 2, 2004, Defendants engaged in discriminatory conduct directed toward HUNTER because of his race/national origin.

47.   The discriminatory conduct occurred daily and was endured for a period of approximately four years.

48.   On or about June 25, 2008 the Plaintiff's doctor ultimately recommended that HUNTER take administrative leave because of stress related medical implications.

49.   Plaintiff's physician identified work related stress as the sole explanation for HUNTER'S declining health.

50.   Defendants berated and humiliated HUNTER because of his race/national origin.

51.   During the course of Plaintiff's employment with the FACILITY, he was consistently referred to as a "Scumbag Indian," "Chief Skin and Bones," "Chief Two Dogs Fucking," and other derogatory "nicknames" on a daily basis, including but not limited to those stated herein.

52.   Defendants told HUNTER that additional blankets with small pox should have been distributed to Plaintiff's ancestors, for the sole purpose of intimidating, humiliating, and degrading the Plaintiff and his family.

53.   Defendant GORMAN frequently referred to Plaintiff as a "Scumbag Indian", and indicated further that had Capt. GORMAN been present on HUNTER'S reservation, he would "rape a squaw," referencing Plaintiff's mother.

54.   HUNTER repeatedly reported the discriminatory behavior to his supervisors.

55.   HUNTER disclosed the hostile work environment to the FACILITY. The supervisors and FACILITY employees to whom HUNTER disclosed the existence of a hostile work environment, include, but are not limited to Defendants HARRIS, GORMAN,

CLARK, FRANCIS, HIGGINS, CRANDALL, GANDER, BRUNDIGE, KUHL, CONNOLLY, DESANTIS, BRUNDIGE, STEWART and ROSENWIG.

56.   HUNTER'S supervisors varied his work schedule, resulting in his having to report to numerous supervisors. However, the Defendants failed to take meaningful corrective action and the discrimination of HUNTER continued throughout his tenure with the FACILITY.

57.   On or about March 10, 2007 Plaintiff was attacked by a FACILITY inmate.

58.   The Plaintiff was the only correctional officer attacked by the inmate and the incident was captured on FACILITY surveillance cameras.

59.   The FACILITY'S practice is to permit and/or encourage correctional officers to file criminal charges against inmates who attack Caucasian/non-Native American correctional officers.

60.   The inmate who attacked HUNTER was not criminally charged with the attack or for his attempted escape.

61.   Instead, the inmate was sent to a special housing unit where he was deprived of television.

62.   The inmate was never charged because of overt animosity toward HUNTER'S race/national origin.

63.   Moreover, Surveillance video evidence of the inmate attack on HUNTER was tampered with by Sheriff's Investigator HIGGINS.

64.   HIGGINS accessed the surveillance tape and digitally altered it to create a video of the attack. The video was set to "Benny Hill" type music, which the Plaintiff found offensive and humiliating.

65.   The video was widely disseminated and shown to officers for "training purposes."

66.   HUNTER became aware of the video when the Defendants told HUNTER the video depicted him "running after the inmate like he stole [Plaintiff's] land."

67.   Upon information and belief HUNTER is the only correctional officer who was publically exploited and humiliated after being attacked by a convicted felon.

68.   Upon information and belief HUNTER is the only known correctional officer, attacked by an inmate, to have a video created of him that mocked the event.

69.   HUNTER'S employment conditions were significantly altered because of his race/national origin.

70. On or about March 2007, Defendant, Sgt. FRANCIS, engaged in micro-scrutiny and singled the Plaintiff out for extra duties.

71. On or about March 2007, FRANCIS required the Plaintiff to make fifteen-minute rounds in the housing unit he was overseeing.

72. Upon information and belief the business practice of the FACILITY does not require correctional officers to conduct fifteen-minute rounds. The Defendants are alleged to have violated their own rules and regulations governing inmate custody, for the sole purpose of jeopardizing the Plaintiff's safety and well-being.

73. Upon information and belief HUNTER is the only correctional officer to be required to complete fifteen-minute rounds.

74. During the above referenced incident, inmates were in "lock down."

75. The Plaintiff asked FRANCIS when the inmates could "come out of lock."

76. In response, the Plaintiff then received a threatening call from Capt. CLARK, who referred to him as a "cunt," and engaged in otherwise unprofessional conduct.

77. After the March 2007 incident HUNTER attempted to file a complaint against CLARK.

78. The complaint forms were located in CLARK'S office during the March 2007 timeframe.

79. HUNTER asked Defendant DESANTIS to obtain a complaint form for him, in order to avoid entering CLARK'S office and being subjected to additional intimidation.

80. Capt. CLARK refused to give DESANTIS a complaint form for HUNTER.

81. CLARK stated that should HUNTER make a complaint he would need to "start watching his log book."

82. Upon information and belief, HUNTER'S log book has been altered without his consent during the course of his employment and the alterations adversely impacted his remuneration and/or benefits of employment.

83. Upon information and belief HUNTER is the only correctional officer to have been denied a complaint form.

84. HUNTER was denied the complaint form because of his race/national origin.

85.  On or about September 2007 Plaintiff received a verbal warning from his superior because of his race/national origin.

86.  On or about September 2007, Plaintiff filed a disciplinary report concerning inmate misconduct.

87.  Disciplinary reports for inmate misconduct are required by Correctional FACILITY rules and regulation. The Defendants are alleged to have violated their own rules and regulations governing inmate custody, for the sole purpose of humiliating and degrading the Plaintiff.

88.  The inmate pled guilty to the charges of misconduct that the Plaintiff filed.

89.  Assistant Superintendent Carol CRANDALL called HUNTER into his office the following week and instructed Plaintiff not to "fuck" with the inmate.

90.  Upon information and belief no other correctional officer at the FACILITY has been verbally warned for reporting inmate misconduct.

91.  Plaintiff filed a complaint with the Equal Employment Opportunity Commission on or about November 2007.

92.  The complaint was eventually referred to the Albany County Affirmative Action Committee.

93.  The COUNTY subsequently conducted an investigation.

94.  Investigation interviews were conducted at the FACILITY in rooms adjacent to the Defendants.

95.  The investigation interviews were audible to the Defendants.

96.  Several individuals who were interviewed were summoned to the interview room via the prison system loudspeaker.

97.  Upon information and belief, the manner in which the investigation was commenced did not create an environment conducive to candid discussions about the discriminatory actions of the Defendants.

98.  HUNTER was discriminated and retaliated against because of his complaint to the Equal Employment Opportunity Commission.

99.  On or about February 17, 2008, Officer D. Smith handed Plaintiff a poster depicting four Native Americans, adorned by a label entitled, "The Hunter Family."

100. The poster was located in a unisex employee restroom at the Albany County Correctional FACILITY.

101. The poster read "Fighting Terrorism Since 1492: Ask the Indians what happens when you don't control immigration."

102. Upon information and belief Sergeant FRANCIS placed the offensive picture in the employee restroom on February 17, 2008.

103. HUNTER was discriminated and retaliated against on or about February 27, 2008.

104. On or about February 27, 2008 Defendants violated correctional FACILITY policy, rules, or regulations, when they instructed the Plaintiff to oversee an inmate with whom he had a prior altercation.

105. When HUNTER reported the incident to the Defendants, he was instructed to "just deal with it," thereby putting him deliberately into harm's way.

106. Upon information and belief it is the Defendants' practice and policy to prevent correctional officers from overseeing inmates with whom they had a prior physical altercation. The Defendants are alleged to have violated their own rules and regulations governing inmate custody, for the sole purpose of jeopardizing the Plaintiff's safety and well-being.

107. Defendant ROSENWIG discriminated and retaliated against the Plaintiff for filing a complaint with the Equal Employment Opportunity Commission on or about November 2007.

108. On or about March 4, 2008, Lieutenant ROSENWIG approached Plaintiff in an intimidating manner and demanded to know the nature of Plaintiff's complaint.

109. ROSENWIG also showed the offensive video to staff members, thereby prompting unwelcomed observations that Plaintiff appeared to be running after the inmate like "he stole his land."

110. Defendants attempted to prevent HUNTER from filing a complaint against them.

111. On or about March 21, 2008, Officer Eric Moffre approached Plaintiff, and informed him that various correctional facility administrators had directed Officer Moffre to file a complaint against Plaintiff.

112. Officer Moffre stated that he was instructed to file the complaint in order to deter HUNTER from pursuing a discrimination claim against the correctional FACILITY.

113. Officer Moffre declined the Defendants' request to fabricate a complaint against Plaintiff.

114. Plaintiff filed a Notice of Claim against the Defendants on July 11, 2008, thereby giving all Defendants actual and constructive notice of the his intent to pursue his discrimination complaint.

115. As a result, Plaintiff was discriminated against and his civil rights were violated. Plaintiff's sister was also discriminated and retaliated against because HUNTER filed a Notice of Claim against the Defendants.

116. On or about August 20, 2008, Defendant HARRIS of the Green Island POLICE DEPARTMENT yelled racial slurs at HUNTER'S sister while seated in his patrol car.

117. Plaintiff reported the August 2008 incident to Defendant PARKER (also, Albany County Sheriff's Deputy Chris PARKER).

118. Plaintiff told Parker that he wanted to file a complaint for the racial slurs that Defendant HARRIS yelled at his sister. However, PARKER instructed Plaintiff that he could not file the complaint.

119. On September 3, 2008, Defendants, including, officers McCUTCHIN and HARRIS assaulted and arrested the Plaintiff.

120. Defendant McCUTCHIN is a law enforcement officer employed with the Green Island POLICE DEPARTMENT.

121. Defendant HARRIS is a law enforcement officer employed with the Green Island POLICE DEPARTMENT.

122. Defendant HARRIS is also a correctional officer employed with the Albany County Correctional FACILITY, during the same time period Plaintiff filed a discrimination complaint against the Defendants.

123. During the course of the aforementioned arrest, Defendants McCUTCHIN and HARRIS were purportedly responding to a 911 call at Plaintiff's sister's residence at 90 Hudson Ave, Green Island, New York (the "residence").

124. Defendant McCUTCHIN arrived to the residence first and inquired about the possible need for 911 services.

125. HUNTER indicated that he was unaware of any such call or request for emergency responders and told McCUTCHIN that he had only arrived at the residence within the last several minutes.

126. Defendant HARRIS subsequently arrived to the residence and spoke briefly with Officer McCUTCHIN.

127.   HUNTER opened the front door of the residence, so the officers could enter.

128.   Although recognizing the Plaintiff as a correctional officer, HARRIS and
McCUTCHIN prohibited Plaintiff from entering the residence and Defendant
McCUTCHIN forcefully placed HUNTER'S right arm in a handcuff and held it behind
his back. HUNTER remained unarmed and cooperative during the entire interaction
with the Defendants.

129.   Defendant HARRIS confirmed that there was no need for 911 services.

130.   Upon information and belief HARRIS saw a toddler holding a telephone when he
entered the residence.

131.   Upon information and belief 911 was called while the police where at the residence.

132.   HARRIS positively identified HUNTER as a colleague who was employed with
Albany County Correctional FACILITY.

133.   HUNTER also identified himself as a peace officer and showed Defendant
McCUTCHIN his driver's license and badge.

134.   Defendant McCUTCHIN struck HUNTER in the face while standing behind him and
holding the Plaintiff's handcuffed arm behind his back.

135.   After striking the Plaintiff, Defendant McCUTCHIN pulled his tazer gun, and pointed
it at HUNTER.

136.   HUNTER was handcuffed and unarmed at all times when McCUTCHIN pointed his
tazer at the Plaintiff.

137.   HARRIS exited the residence and uncuffed the Plaintiff.  HUNTER was not arrested at
the residence, but instead was uncuffed by Defendant HARRIS.

138.   Defendant McCUTCHIN exited the residence and returned to the Green Island
POLICE DEPARTMENT, 73 George Street, Green Island, N.Y. 12183.

139.   HUNTER then freely walked to the POLICE DEPARTMENT to file a complaint
against Defendant McCUTCHIN for physically assaulting him and threatening him
with a tazer gun.

140.   Upon information and belief, McCUTCHIN entered the waiting area and wrongfully
accused the Plaintiff of criminal misconduct and stated, "now, I am going to arrest
you."

141. Defendant McCUTCHIN forcibly slapped handcuffs on Mr. HUNTER. However, the handcuffs were not placed on HUNTER'S wrists properly and resulted in substantial wrist injury to HUNTER'S right wrist, which required emergency medical care.

142. HUNTER asked the POLICE DEPARTMENT to take him to the emergency room.

143. Defendants PARKER, McCUTCHIN, and HARRIS told HUNTER that his request would be granted if he would consent to go to the hospital shackled and accompanied by Defendant McCUTCHIN.

144. HUNTER told the POLICE DEPARTMENT that he would not go to the hospital with McCUTCHIN, because he was fearful of further injury.

145. Defendant PARKER was aware of HUNTER'S request and did not make alternative arrangements. He left HUNTER handcuffed to a bench for the duration of his detention.

146. HUNTER was charged with (i) Obstructing Governmental Administration, NY Penal Law § 195.05; (ii) Disorderly Conduct, NY Penal law § 240.20(2); (iii) Official Misconduct, NY Penal Law § 195.00; and (iv) Resisting Arrest, NY Penal Law § 205.30.

147. HUNTER was detained for approximately four and one half hours without arraignment.

148. During this time period, Mr. HUNTER requested food and informed the POLICE DEPARTMENT that he required food because of medication he was taking for his stomach.

149. The POLICE DEPARTMENT did not grant the Plaintiff's request for food, even though the Plaintiff was in visible pain because of his wrist and stomach.

150. The POLICE DEPARTMENT and in particular, Defendants PARKER, McCUTCHIN, and HARRIS purposely delayed in calling a judge to arraign the Plaintiff.

151. Upon arraignment the Plaintiff was subjected to bail in the amount of $1200, necessitating his transportation to Albany County Correctional FACILITY while making payment arrangements to obtain enough money at or about 11:00 pm.

152. In light of the Plaintiff's record and ties to the community, this bail was excessive and unlawful.

153. The Defendants purposely failed to call a Judge for HUNTER'S arraignment and subjected him to excessive bail in order to ensure he would be transported to Albany County Correctional Facility.

154. HUNTER was transported to the facility, where the Defendants humiliated HUNTER and referred to him as a savage.

155. The Defendants' actions and the violations of constitutional and civil rights have been under or acting with the color of State law.

156. Notices of Claim were timely filed on July 11, 2008 and December 1, 2008, respectively. The Defendants conducted a 50-h hearing and asked questions about the circumstances concerning both the employment discrimination and the circumstances surrounding Plaintiff's unlawful arrest. [Attachment B]

157. Plaintiff received a Right to Sue letter from the Department of Justice on or about September 7, 2008. The Notice was issued on August 27, 2008 and the Plaintiff commenced this action after complying with state law notice requirements and within 90 days of receiving the notification of the Right to Sue. [Attachment A]

## AS FOR A FIRST CAUSE OF ACTION

158. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "157" of this complaint as if fully set forth herein.

159. This cause of action against the Defendants jointly and severally and a violation of Plaintiff's First Amendment and Constitutional rights of free speech and Title VII of the Civil Rights Act of 1964 for discrimination based on Plaintiff's race/National Origin, and his complaints with the EEOC.

160. The Plaintiff was subjected to the deprivation of his rights, privileges and immunities secured by the constitution and laws, and the Plaintiff's arrest and other actions taken by the Defendants were unprovoked and based on a discriminatory purpose.

161. The Defendants' actions were illegal, improper, unconstitutional, and indicated a depraved indifference to the welfare and constitutional rights of the Plaintiff, and the equal protection afforded to persons.

162. The discrimination has been illegal and is based on the Plaintiff's class of being a Native American.

163. The Defendants' actions served to illegally frustrate and prohibit the Plaintiff's speech without due process and in violation of the Equal Protection of Citizens.

164. The Plaintiff's civil and constitutional rights were violated by the September 3, 2008 arrest of the Plaintiff and by the series of adverse employment actions alleged above.

## AS AND FOR THE SECOND CAUSE OF ACTION

165. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "164" of this complaint as if fully set forth herein.

166. This cause of action is against all the Defendants jointly and severally.

167. The Defendants acted under color of statute, ordinance, regulations and custom or usage of the color of their office.

168. The Defendants subjected the Plaintiff to the deprivation of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and the Constitution and laws of the State of New York.

169. By reason of the foregoing, Plaintiff was injured and subjected to physical and mental pain and suffering, emotional distress, embarrassment, humiliation and fear, from which he continues to suffer and for which he is entitled to compensatory damages.

170. Plaintiff is entitled to punitive damages in connection with this cause of action.

171. Plaintiff is entitled to recover a reasonable attorney's fees in connection with this cause of action pursuant to 42 U.S.C. § 1988.

## AS AND FOR THE THIRD CAUSE OF ACTION

172. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "171" of this complaint as if fully set forth herein.

173. This cause of action against the Defendants jointly and severally and as to all of them is for false arrest, malicious prosecution, imprisonment and a deprivation of his rights and freedom without cause.

174. The United States Constitution protects citizens from malicious prosecution by law enforcement officers and prohibits officers from prosecuting individuals when there is no probable cause to believe that person engaged in criminal conduct.

175. There was no probable or other cause to believe the Plaintiff was committing a crime on September 3, 2008 or at any other such time.

176. The Defendants' actions were motivated by bad faith, malice and indifference to the Plaintiff and his family, as well as for retaliation for the claim that the Plaintiff had previously filed on November 2007.

177. This conduct on the part of the Defendants represents violations of 42 USC § 1983 given the action was under color of State law, and was based on illegal and unjustified discrimination.

178. The Plaintiff was fingerprinted, handcuffed, photographed and excessive force was used, including physical assault and the threatened use of a tazer gun.

179. The September 3, 2008 arrest and acts associated therewith proximately caused damages.

## AS AND FOR THE FOURTH CAUSE OF ACTION
### Excessive Force - 43 U.S.C. § 1983

180. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "179" of this complaint as if fully set forth herein.

181. The force used by the Defendants during the September 3, 2008 arrest was, in light of the facts and circumstances confronting him, objectively unreasonable under the Fourth Amendment standards and the Defendants are liable jointly and severally.

182. The Defendants subjected the Plaintiff to the deprivation of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and the Constitution and laws of the State of New York.

183. By reason of the foregoing, the Plaintiff was injured and subjected to physical and mental pain and suffering, emotional distress, embarrassment, humiliation and fear, from which he continues to suffer and for which he is entitled to compensatory damages.

184. The Plaintiff is entitled to punitive damages in connection with this cause of action.

185. The Plaintiff is entitled to recover a reasonable attorney's fee in connection with this cause of action pursuant to 42 U.S.C. § 1988.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### Deliberate Indifference to Serious Medical Needs - 42 U.S.C. § 1983

186. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "185" of this complaint as if fully set forth herein.

187. By reason of the Defendants' use of force, this cause of action is against only the POLICE DEPARTMENT and POLICE DEPARTMENT agents. Plaintiff suffered emotional and/or physical injuries.

188. The Defendants denied Plaintiff prompt medical care for his medical condition and/or his injuries.

189. Failure to treat Plaintiff's injuries could have resulted or did result in further significant injury to him and/or unnecessary and wanton infliction of pain and serious medical need existed.

190. By failing to promptly treat or arrange for the treatment of Plaintiff's injuries, Defendants exhibited and acted with deliberate indifference to Plaintiff's condition.

191. Defendants subjected the Plaintiff to the deprivation of his rights, privileges and immunities secured by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, the laws of the United States and the Constitution and laws of the State of New York.

192. By reason of the foregoing, the Plaintiff was subjected to physical and mental pain and suffering, emotional distress, embarrassment, humiliation and fear, from which he continues to suffer and for which he is entitled to compensatory damages.

193. Plaintiff is entitled to punitive damages in connection with this cause of action.

194. Plaintiff is entitled to recover reasonable attorneys' fees in connection with this cause of action pursuant to 42 U.S.C. § 1988.

## AS AND FOR THE SIXTH CAUSE OF ACTION
### Failure to Properly Train - 42 U.S.C. § 1983

195. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "194" of this complaint as if fully set forth herein.

196. Upon information and belief, the training program and supervision of the COUNTY and the POLICE DEPARTMENT was deficient in that it failed to properly train police officers how to deal with a situation in which an employee files a complaint of discrimination against the COUNTY and when the use of force is warranted.

197. This deficiency in training caused the Defendants to act with excessive and unnecessary force against the Plaintiff and unreasonable detention after the arrest, and the deficiency caused the Defendants to not be aware of how and if any laws were being violated.

198. The COUNTY, the POLICE DEPARTMENT and CORPORATION COUNSEL'S OFFICE acted with deliberate indifference in disregarding the risk that its employees would unconstitutionally apply its policies without more training and supervision.

199. The failure to properly train in this regard represented a policy of the COUNTY and the POLICE DEPARTMENT and/or CORPORATION COUNSEL'S OFFICE.

200. The aforementioned policy actually resulted in Plaintiff's injury.

201. Plaintiff was subjected to the deprivation of his rights and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and the Constitution and laws of the State of New York.

202. By reason of the foregoing, Plaintiff was injured and subjected to physical and mental pain and suffering, emotional distress, embarrassment, humiliation and fear, from which he continues to suffer and for which he is entitled to compensatory damages.

203. The COUNTY and the POLICE DEPARTMENT are liable for the violation of Plaintiff's constitutional rights and for his resulting injury by reason of their failure to properly train their officers.

204. Plaintiff is entitled to recover a reasonable attorney's fee in connection with this cause of action pursuant to 42 U.S.C § 1988, and all consequential and other damages.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
### Failure to Supervise - 42 U.S.C. § 1983

205. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "204" of this complaint as if fully set forth herein.

206. Upon information and belief, previous complaints of civil rights violations have been made against the POLICE DEPARTMENT and their agents.

207. Upon information and belief, complaints of police brutality, unnecessary use of force, and/or otherwise illegal activities have been made against the COUNTY and the POLICE DEPARTMENT by persons other than the Plaintiff.

208. Upon information and belief, one or more prior incidents occurred in which the Defendants used excessive force in the course of performing their duties as police officers, and/or arresting innocent persons due to the fact that said persons had previously filed a Notice of Claim against the Defendants such as occurred with the Plaintiffs and other persons.

209. Specifically, the Plaintiff had previously filed a Notice of Claim against the Defendants and the September 3, 2008 illegal arrest stemmed, upon information and belief, from the filing of the earlier Notice of Claim.

210. Upon information and belief, other individuals have been subjected to similar civil rights violations after filing a Notice of Claim against the COUNTY and POLICE DEPARTMENT.

211. Upon information and belief, the COUNTY and the POLICE DEPARTMENT were aware of the incidents described above.

212. Upon information and belief, the complaints and incidents described above were not followed by any meaningful attempt by the COUNTY and/or the POLICE DEPARTMENT to investigate or to forestall further incidents.

213. The COUNTY and the POLICE DEPARTMENT evidenced deliberate indifference to the excessive use of force and/or illegal and improper arrests by its police officers, including the Defendants, by deliberately ignoring an obvious need for supervision.

214. The Plaintiff was subjected to the deprivation of his rights and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and the Constitution and laws of the State of New York.

215. By reason of the foregoing, the Plaintiff was injured and subjected to physical and mental pain and suffering, emotional distress, embarrassment, humiliation and fear, from which he continues to suffer and for which he is entitled to compensatory damages.

216. The COUNTY and the POLICE DEPARTMENT are liable for the violation of Plaintiff's constitutional rights and for his resulting injury by reason of their failure to properly supervise their police officers in general and McCUTCHIN and HARRIS in particular.

217. Plaintiff is entitled to recover a reasonable attorney's fee in connection with this cause of action pursuant to 42 U.S.C § 1988, and compensatory, consequential and other appropriate damages.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
### Assault and Battery - Pendent Claim

218. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "217" of this complaint as if fully set forth herein.

219. The Defendant McCUTCHIN intentionally threatened Plaintiff and attempted to cause him physical harm, and did in fact have an illegal and unauthorized contact, assault and battery on the Plaintiff during his arrest of September 3, 2008.

220. The Defendant McCUTCHIN intentionally caused wrongful physical contact with the Plaintiff.

221. As a result of the Defendants' assault and battery, Plaintiff suffered damages including but not limited to physical and mental pain and suffering, emotional distress, embarrassment, humiliation and fear from which he continues to suffer and for which he is entitled to compensatory damages.

222. Plaintiff is entitled to punitive damages in connection with this cause of action.

## AS AND FOR THE NINTH CAUSE OF ACTION

223. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "222" of this complaint as if fully set forth herein.

224. This cause of action is for negligence.

225. The actions of the Defendants, in the alternative to being intentional and malicious may have been negligent due to an ignorance of the law, statutes or physical metes and bounds markings of the Defendant COUNTY and CORPORATION COUNSEL'S OFFICE.

226. The Defendants' breached a duty of care to the Plaintiff, proximately causing damages.

## AS AND FOR THE TENTH CAUSE OF ACTION
### Excessive Bail

227. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "226" of this complaint as if fully set forth herein.

228. The Eighth Amendment of the United States Constitution protects citizens from the imposition of excessive or punitive bail by law enforcement officials and mandates that an individual be provided with bail no higher than that necessary to assure his appearance at court.

229. The actions by the Defendants POLICE DEPARTMENT violated Plaintiff's right to be free from the imposition of excessive bail as detailed in the Eighth Amendment to the United States Constitution.

230. Despite having no record and having not committed any crime, arbitrarily set a $1200.00 bail for the Plaintiff.

231. Upon information and belief, the Defendants cannot and are not entitled to take and set bail in this case.

232. Defendants' actions were motivated by bad faith, malice and an indifference to the rights of the Plaintiff.

233. The conduct on the part of the Defendants also represents a violation of 42 U.S.C. § 1983 given that their actions were undertaken under the color of state law.

234. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

## AS AND FOR THE ELEVENTH CAUSE OF ACTION

235.   Plaintiff repeats and realleges the allegations set forth in paragraph "1" through "234" of this complaint as if fully set forth herein.

236.   This is a pendent claim for the breach of the duty to provide fair representation.

237.   Plaintiff disclosed the Defendants discrimination and retaliation to his UNION.

238.   The UNION failed to take meaningful corrective action and otherwise failed to represent the Plaintiff equally and without prejudice.

239.   The UNION failed to adequately address complaints against the employer, to provide a safe workplace, and to otherwise ensure that the employer satisfied its obligations under the law.

240.   Defendants' actions were motivated by bad faith, malice and an indifference to the rights of the Plaintiff.

241.   The conduct on the part of the Defendants also represents a violation of 42 U.S.C. § 1983 given that their actions were undertaken under the color of state law.

242.   As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

## AS AND FOR THE TWELFTH CAUSE OF ACTION

243.   Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "242" of this complaint as if fully set forth herein.

244.   This is a claim for racial discrimination and violation of 42 USC § 2000e, Title VII.

245.   As a result of Defendants' actions against the Plaintiff, Plaintiff has suffered and continues to suffer losses, including loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

246.   As a further result of the Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress, mental anguish and humiliation and other incidental and consequential damages and expenses.

## AS AND FOR THE THIRTEENTH CAUSE OF ACTION

247.   Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "246" of this complaint as if fully set forth herein.

248.   This is a pendent state law claim for violations of Human Rights Law, New York Executive Law §§ 290-301.

249. As a result of the Defendants' racial discrimination against Plaintiff, Plaintiff has suffered and continues to suffer losses, including the loss of past and future earnings, bonuses, deferred compensation and other employment benefits.

250. As a further result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress, mental anguish and humiliation and other incidental and consequential damages and expenses.

## AND AS FOR THE FOURTEENTH CAUSE OF ACTION

251. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "250" of this complaint as if fully set forth herein.

252. The Defendants are jointly and severally liable to the Plaintiff for this cause of action of intentional infliction of emotional distress.

253. Over a period of four years the Defendants have engaged in extraordinary and extreme acts of malice and outrageous actions toward the Plaintiff.

254. The Plaintiff is a dedicated correctional officer and Native American who exercised his rights under Title VII and filed a complaint with the EEOC for unlawful discrimination. The Defendants have intentionally acted in a manner to punish, harass, harm and/or exact retribution against the Plaintiff and his lawful exercise of his civil liberties.

255. The Defendants' conduct was extreme and outrageous.

256. The Defendants intended to cause severe emotional distress to the Plaintiff.

257. The Defendants' conduct was and has been extreme and outrageous and was intentional or done with a reckless disregard for the welfare of the Plaintiff, and was done because the Plaintiff was and is a person who complained about employment discrimination.

258. The Defendants' acts, including but not limited to harassing, intimidating, threatening to arrest, actually arresting and violating the Plaintiff's civil and constitutional rights were and are wanton and careless and have targeted the Plaintiff with these actions and caused severe emotional distress to the Plaintiff.

259. By engaging in a clear pattern and ongoing activity of egregious behavior herein described, and in lights of the medical leave the Plaintiff frequently sought for work related stress, the Defendants intended to inflict distress upon the Plaintiff and should have known that the emotional distress would likely occur.

260. The Defendants engaged in a series of reckless acts which has proximately damaged the Plaintiff.

261. The Defendants' acts, when viewed in their entirety, consisted of a pattern of reckless and careless acts.

262. That such actions above described by the Defendants, is shocking to the conscience of right-thinking persons in the community and damages were proximately caused to the Plaintiff by all Defendants' conduct.

263. As a result of Defendants' conduct, the Plaintiff experienced and continues to experience severe emotional distress proximately caused by the Defendants' actions, as well as adverse employment action.

264. The Defendants each have displayed extremely reckless and malicious conduct and a bias or prejudice toward the Plaintiff.

265. As a result of the above-mentioned conduct, Plaintiff has suffered and continues to suffer post traumatic stress disorder, great pain of mind, body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self esteem, disgrace, humiliation, and loss of enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

266. The above actions of the Defendants constituted a plan or pattern of continued actions committed with the intent to retaliate against the Plaintiff.

267. Defendants conspired to and did take specific acts to conceal the misconduct perpetrated by Defendants and attempted to block the instituting of complaints of discrimination against the Defendants. The Plaintiff specifically alleged the Defendants knew of and actually directed Officer Moffre to file a false complaint against Plaintiff in an endeavor to deter him form pursuing his employment discrimination claim. The Defendants, specifically McCutchin, HARRIS, and PARKER were aware of the Plaintiff's discrimination complaint and allowed the Plaintiff to be falsely arrested. Those specific acts were of an ongoing nature.

268. The use of retaliatory, hostile and discriminatory acts of the Defendants to further the Defendants' nefarious actions is and was particularly troubling in light of their position of trust, power and influence of law enforcement and officers sworn to uphold laws and the constitution.

269. The Defendants took numerous acts or steps in furtherance of their acts including, but not limited to:

a) filing false charges against Plaintiff;

b) fabricating false charges against Plaintiff;

c) retaliating against the Plaintiff; and,

d) punishing the Plaintiff for exposing and reporting discrimination in the workplace.

270.   The Plaintiff was charged and/or reprimanded at his job and place of employment.

271.   The Defendants conspired to have the Plaintiff investigated on false charges, or made false claims against the Plaintiff due to his actions viewed by the Defendants.

**WHEREFORE,** the Plaintiff demands judgment as follows:

1) On the civil and constitutional causes of action against Defendants for consequential, compensatory and punitive damages in an amount to be fixed by the Court, together with the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988;

2) On the other federal and statutory causes of action against Defendants for compensatory, consequential and other damages in an amount to be fixed by the Court, together with the costs of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988;

3) On the state and pendent causes of action against Defendants for compensatory and punitive damages in an amount to be fixed by the Court, together with the costs of this action;

4) Five Million ($ 5,000,000.00) in damages; for attorney's fees awarded by Statute 42 U.S.C. § 1988 and compensatory damages, treble damages or punitive damages and for such further and other relief the Court deems just and equitable.

Respectfully Submitted,
*Attorney for Robert Hunter*

Kiley Scott

Tully Rinckey, PLLC
Attorney & Counselors at Law
441 New Karner Road
Albany, NY 12205
kscott@tullylegal.com
Phone:  518-218-7100
Fax:      518-218-0496