**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT D. HUNTER,**

              **Plaintiff,**             **1:08-cv-1291**
                                         **(GLS\RFT)**

       **v.**

**COUNTY OF ALBANY,** *et al.,*

              **Defendants.**

_____

**APPEARANCES:**            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Tulley, Rinckey Law Firm       KILEY D. SCOTT, ESQ.
441 New Karner Road          MARIA C. TEBANO, ESQ.
Albany, NY 12205             ARIEL E. SOLOMON, ESQ.

**FOR THE DEFENDANTS:**
McNamee, Lochner Law Firm   DAVID J. WUKITSCH, ESQ.
677 Broadway
Albany, New York 12207-2503

New York State Law          MATTHEW P. RYAN, ESQ.
Enforcement Officers Union
63 Colvin Avenue
Albany, NY 12206

Goldberg, Segalla Law Firm    LATHA RAGHAVAN, ESQ.
8 Southwoods Boulevard     JONATHAN M. BERNSTEIN, ESQ.
Suite 300
Albany, NY 12211-2526

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff Robert D. Hunter commenced this action on December 1, 2008, seeking relief and compensatory damages under Title VII of the Civil Rights Act of 1964,[1] 42 U.S.C. §§ 1981 and 1983, New York State Human Rights Law (NYSHRL),[2] and New York State common law.  (*See* Compl., Dkt. No. 1.)  On February 12, 2009, defendants Richard Connolly, Jeffrey Stewart, Vincent DeSantis, Thomas Carroll, Law Enforcement Union Council 82, and Albany County Union Local 775 moved to dismiss Hunter's complaint.  (Dkt. No. 26.)  On March 17, 2009, Hunter moved to amend his complaint.  (Dkt. No. 47.)  Prior to the court's ruling on Hunter's first motion to amend, Hunter filed a second motion to amend his complaint.  (Dkt. No. 65.)  All defendants filed affidavits in opposition to Hunter's motion to amend.  (Dkt. Nos. 71, 76.)  Pending are Hunter's first and second motions to amend his complaint, and defendants' motion to dismiss.  For the reasons that follow, (1) Hunter's first motion to amend is denied as moot; (2) Hunter's second motion to amend is granted; and (3) moving

---

[1]42 U.S.C. § 2000e, *et seq.*

[2]N.Y. EXEC. LAW §§ 290, *et seq.*

defendants' motion to dismiss is denied as moot.

### III.  Discussion

Rule 15(a) provides that where a party seeks to amend his pleading before trial, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  "A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (internal quotation marks and citation omitted).  While a court has discretion to grant or deny an opportunity to amend, "outright refusal to grant the leave without any justifying reason" is an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Upon review of Hunter's second amended complaint and supporting brief, and because defendants have failed to make a sufficient showing of prejudice, undue delay, bad faith, or futility, the court grants Hunter's second motion to amend his complaint.  *See* FED. R. CIV. P. 15(a)(2); *see also Richardson Greenshields Sec., Inc.*, 825 F.2d at 653 n.6. Consequently, Hunter's first motion to amend is denied as moot.

However, having reviewed the proposed changes in the amended

complaint, the court orders that Hunter make additional amendments before submitting a final version to the court because it cannot be filed in its current form due to the fact that it contains, among other things, claims that are inadequate and incurable as a matter of law.  First, Hunter's claims against individual defendants under Title VII are not legally cognizable.[3] Second, Hunter's claims for malicious prosecution are not presently actionable as they are premised on charges that are still pending and have yet to be resolved.[4]  Lastly, the court notes that a demand for punitive damages does not amount to a separate cause of action under New York law.**[5]**

        Having granted Hunter's motion to amend, the court denies as moot

---

[3]"[I]ndividuals are not subject to liability under Title VII."  *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) (citation omitted); *see, e.g.*, *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004); *Hooda v. Brookhaven Nat'l Lab.*, No. 08-CV-3403, 2009 WL 2984184, at *6 (S.D.N.Y. Sept. 15, 2009).

[4]"[I]t is well-settled that an accused, in order to maintain a cause of action for malicious prosecution, must establish that the state prosecution terminated in his favor."  *Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir. 1980) (citation omitted); *see also Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983).  "Proceedings are terminated in favor of the accused only when their final disposition is such as to indicate the accused is not guilty."  *Singleton*, 632 F.2d at 193 (internal quotation marks and citation omitted).  Thus, claims brought under § 1983 for malicious prosecution require proof that the underlying prosecution terminated "in some manner indicating that the person was not guilty of the offense charged."  *Id.* at 195.

[5]"[A] demand for punitive damages does not amount to a separate cause of action for pleading purposes."  *Rose Lee Mfg., Inc. v. Chem. Bank*, 186 A.D.2d 548, 550 (2d Dep't 1992) (citations omitted); *see also Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1431 (2d Cir. 1997); *Rocanova v. Equitable Life Assur. Soc'y*, 83 N.Y.2d 603, 616-17 (1994).

moving defendants' motion to dismiss. *Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp.2d 341, 349 (E.D.N.Y. 2008) ("When a plaintiff amends its complaint while a motion to dismiss is pending the court may deny the motion as moot or consider the merits of the motion in light of the amended complaint.") (internal quotation marks and citation omitted).

### III.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Hunter's second motion to amend (Dkt. No. 65) is **GRANTED**; and it is further

**ORDERED** that Hunter's first motion to amend (Dkt. No. 47) is **DENIED** as moot; and it is further

**ORDERED** that moving defendants' motion to dismiss (Dkt. No. 26) is **DENIED** as moot, with leave to renew on a more complete record; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 2, 2009
Albany, New York

_____
United States District Court Judge

5