UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT D. HUNTER,

      Plaintiff,      SECOND AMENDED
                  VERIFIED COMPLAINT

v.

                 Case No.: 1:08cv1291 GLS/RTF

THE COUNTY OF ALBANY,

      Defendant.

---

  NOW COMES Plaintiff, Robert D. Hunter (hereinafter "Hunter"), by and through undersigned counsel, Tully Rinckey, PLLC, for his Second Amended Complaint against the Defendants, County of Albany (hereinafter "the County"), states:

*Parties, Jurisdiction, & Venue*

  1. Hunter is an individual resident of Albany County, New York.

  2. The County is a New York municipal corporation.

  3. This is an action for damages within the jurisdiction of this Court, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

  4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(c), insofar as all of the parties reside herein.

*Facts*

  5. Hunter is a Native American.

  6. Hunter was at times material hereto employed as a Corrections Officer for the County.

1

7. During the scope and course of Hunter's employment with the County, Hunter has been subjected to a discriminatory, hostile, and offensive work environment.

8. The environment to which Hunter was subjected included, but was not limited to:

   a. Racial epithets and name-calling;

   b. Derogatory remarks; and

   c. Ridicule and harassment.

9. All of the foregoing was offensive to Hunter and would be offensive to a reasonable person.

10. Hunter was denied various benefits of employment, including but not limited to, promotional opportunities, normal career progression, and benefits, and was compelled to leave his position of employment with the County.

## FIRST CAUSE OF ACTION

### Discrimination / 42 U.S.C. §2000e-2

11. Hunter incorporates and realleges the foregoing Paragraphs as if set forth fully herein.

12. Hunter was subjected to the offensive conduct in the course of his employment by the County because of his status as a Native American.

13. Similarly situated employees of the County were not subjected to the offensive work environment to which Hunter was subjected.

14. The County knew or should have known about the discriminatory acts and environment to which Hunter was subjected.

15. The County failed or refused to take appropriate remedial action concerning the discriminatory acts and environment to which Hunter was subjected.

17. The discriminatory acts and environment to which Hunter was subjected was part of a custom, pattern, and / or practice of unlawful harassment and discrimination of Hunter in his capacity as a County employee.

18. The discrimination and harassment to which Hunter was subjected was so severe or pervasive as to alter the conditions of the Hunter's employment and to create an abusive working environment.

19. The discrimination and harassment to which Hunter was subjected as an employee of the County constitutes a violation of 42 U.S.C. §2000e-2.

20. As a direct and proximate result of the unlawful harassment and discrimination, Hunter has suffered and continues to suffer psychological harm, emotional distress, physical manifestations of emotional distress, and loss of the capacity to enjoy life, has sustained loss of earnings and earning capacity, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Hunter's general damage.

## SECOND CAUSE OF ACTION

Discrimination / N.Y. Executive Law §296

21. Hunter incorporates and realleges Paragraphs 1 through 10 and 12 through 18 as if set forth fully herein.

22. The discrimination and harassment to which Hunter was subjected as an employee of the County constitutes a violation of N.Y. Executive Law §296.

20. As a direct and proximate result of the unlawful harassment and discrimination, Hunter has suffered and continues to suffer psychological harm, emotional distress, physical manifestations of emotional distress, pain, suffering, inconvenience, mental anguish, and loss of the capacity to enjoy life, has sustained loss of earnings and earning capacity, and has incurred

and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Hunter's general damage.

WHEREFORE, Hunter demands judgment against the County:

A. On the First Cause of Action, for compensatory damages, pursuant to 42 U.S.C. §1981a, plus interest and costs of suit, inclusive of a reasonable attorney fee, pursuant to 42 U.S.C. §2000e-5(k);

B. On the Second Cause of Action, for compensatory damages, interest, and costs of suit.

C. On each Cause of Action, for any and all such other relief as this Court deems just and meet.

Hunter demands trial by jury of all issues so triable at law, pursuant to Fed.R.Civ.P. 38.

Dated: December 22, 2010
Albany, New York

ROBERT D. HUNTER

By his attorneys,

_____
Douglas J. Rose, Esq.
Tully Rinckey PLLC
441 New Karner Road
Albany, NY 12205
(518) 218-7100
drose@tullylegal.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT D. HUNTER,

        Plaintiff,

                                      VERIFICATION

v.

                                      Case No.: 1:08cv1291 GLS/RTF

THE COUNTY OF ALBANY,

        Defendant.
_____

        I, ROBERT D. HUNTER, being duly sworn and under oath, do hereby verify that I have read the contents and allegations of the within *Second Amended Verified Complaint*, and do attest to the truth thereof.

                                                  ROBERT D. HUNTER

STATE OF NEW YORK           )
                                         ss.:
COUNTY OF ALBANY            )

        On the 20th day of January in the year 2011, before me, the undersigned, ROBERT D. HUNTER, personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, executed the instrument.

                                            Karin P. Nosal
                                            NOTARY PUBLIC

                                    **KARIN P. NOSAL**
                         **NOTARY PUBLIC - STATE OF NEW YORK**
                                **NO. 01NO6206884**
                       **QUALIFIED IN RENSSELAER COUNTY**
                       **COMMISSION EXPIRES JUNE 1, 2013**

KARIN P. NOSAL
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01NO6206884
QUALIFIED IN RENSSELAER COUNTY
COMMISSION EXPIRES JUNE 1, 2013